1
2
3
4
5
6
7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 2 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY    s'hey          DEPUTY

8           UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
10                  WESTERN DIVISION
11

12   JUSTIN SUNG HONG,          )   Case No.  CV 11-03910 GAF (AN)
                                )
13           Petitioner,        )
                                )
14       v.                     )   ORDER ACCEPTING THE FINDINGS
                                )   AND RECOMMENDATION OF THE
15   GREG LEWIS,                )   UNITED STATES MAGISTRATE JUDGE
                                )
16           Respondent.        )
                                )
17   _____)

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the file, including the
19   Magistrate Judge's Report and Recommendation ("R&R") and Petitioner's Objections
20   (dkt. 19) filed by his retained counsel. Further, the Court has completed a *de novo*
21   review of those portions of the R&R to which Petitioner has objected, and makes the
22   following findings and rulings:

23        1.    Petitioner's Objections disclose he objects to the Magistrate Judge's
24   findings and conclusions on two grounds.

25        First, Petitioner objects to the R&R based upon his contention that the
26   Magistrate Judge erred in finding he is not entitled to relief on his instructional error
27   claim presented in ground one because the Magistrate Judge "heavily" relied upon
28   *Trent v. Evans*, 309 Fed. Appx. 201, 203 (9th Cir. 2009), and that his reliance was

1   "misplaced" because that case is inapposite. (Objections at 1-6.) The Court finds there

2   is no merit to Petitioner's first objection. Contrary to Petitioner's assertion, the

3   Magistrate Judge did not rely heavily upon *Trent* and he merely cited it for its

4   persuasive value pursuant to Ninth Circuit Rule 36-6. (R&R at 15:12-19.) In making

5   this objection, Petitioner not only takes the Magistrate Judge's citation to *Trent* out of

6   context, but he ignores the other points and authorities that demonstrate Petitioner is

7   not entitled to relief on ground one for the reasons explained in the R&R. In particular,

8   Petitioner's arguments in support of this objection fail to show the alleged instructional

9   error as to the natural and probable consequences theory misled the jury or otherwise

10  resulted in an unfair trial in light of all the other instructions.

11          Second, Petitioner objects to the R&R based upon his contention that the

12  Magistrate Judge erred in finding his second instructional error claim in ground two

13  was procedurally barred. (Objections at 7-11.) In making this second objection,

14  Petitioner also contends "the federal courts have thus far not had an opportunity to

15  address this issue because it is relatively new." (Objections at 10.) The Court finds

16  Petitioner's second objection is meritless. Petitioner's contentions, as well as his

17  continued reliance on state cases, ignore the statutory mandate that a federal court may

18  not grant a state prisoner's application for habeas relief for any claim adjudicated on

19  the merits in state court proceedings unless the adjudication of the claim resulted in a

20  decision that was "contrary to, or involved an unreasonable application of, <u>clearly</u>

21  <u>established Federal law, as determined by the Supreme Court of the United States</u>." §

22  2254(d) (emphasis added). Indeed, to the extent Petitioner contends ground two raises

23  a novel issue that boldly goes where no federal courts have gone before, the state

24  courts' rejection of this claim could not be contrary to, or an unreasonable application

25  of, clearly established Supreme Court precedent. § 2254 (d). Further, in light of the

26  instructions as a whole, it cannot be said the state court's reasoning and conclusion in

27  denying ground two were contrary to, or unreasonable applications of, the clearly

28  established Supreme Court precedent that is cited in the R&R. § 2254(d).

1    Based upon the foregoing, Petitioner's Objections are overruled.

2    2.    The Court accepts the findings and recommendation of the R&R.

3    3.    Judgment shall be entered denying the Petition and dismissing this action

4          with prejudice.

5    4.    All motions are denied as moot and terminated.

6

7    IT IS FURTHER ORDERED that the clerk of the Court shall serve a copy of this

8    Order and the Judgment on all counsel or parties of record.

9

10

11   Dated:  December 27, 2011

                                        _____
12                                      GARY A. FEESS
                                        UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28