FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 28 2011

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUSTIN SUNG HONG,<br><br>    Petitioner,<br><br>    v.<br><br>GREG LEWIS,<br><br>    Respondent. | Case No. CV 11-03910 GAF (AN)<br><br>ORDER ACCEPTING THE FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the file, including the Magistrate Judge's Report and Recommendation ("R&R") and Petitioner's Objections (dkt. 19) filed by his retained counsel. Further, the Court has completed a *de novo* review of those portions of the R&R to which Petitioner has objected, and makes the following findings and rulings:

    1.    Petitioner's Objections disclose he objects to the Magistrate Judge's findings and conclusions on two grounds.

    First, Petitioner objects to the R&R based upon his contention that the Magistrate Judge erred in finding he is not entitled to relief on his instructional error claim presented in ground one because the Magistrate Judge "heavily" relied upon *Trent v. Evans*, 309 Fed. Appx. 201, 203 (9th Cir. 2009), and that his reliance was

"misplaced" because that case is inapposite. (Objections at 1-6.) The Court finds there is no merit to Petitioner's first objection. Contrary to Petitioner's assertion, the Magistrate Judge did not rely heavily upon *Trent* and he merely cited it for its persuasive value pursuant to Ninth Circuit Rule 36-6. (R&R at 15:12-19.) In making this objection, Petitioner not only takes the Magistrate Judge's citation to *Trent* out of context, but he ignores the other points and authorities that demonstrate Petitioner is not entitled to relief on ground one for the reasons explained in the R&R. In particular, Petitioner's arguments in support of this objection fail to show the alleged instructional error as to the natural and probable consequences theory misled the jury or otherwise resulted in an unfair trial in light of all the other instructions.

Second, Petitioner objects to the R&R based upon his contention that the Magistrate Judge erred in finding his second instructional error claim in ground two was procedurally barred. (Objections at 7-11.) In making this second objection, Petitioner also contends "the federal courts have thus far not had an opportunity to address this issue because it is relatively new." (Objections at 10.) The Court finds Petitioner's second objection is meritless. Petitioner's contentions, as well as his continued reliance on state cases, ignore the statutory mandate that a federal court may not grant a state prisoner's application for habeas relief for any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was "contrary to, or involved an unreasonable application of, <u>clearly established Federal law, as determined by the Supreme Court of the United States</u>." § 2254(d) (emphasis added). Indeed, to the extent Petitioner contends ground two raises a novel issue that boldly goes where no federal courts have gone before, the state courts' rejection of this claim could not be contrary to, or an unreasonable application of, clearly established Supreme Court precedent. § 2254 (d). Further, in light of the instructions as a whole, it cannot be said the state court's reasoning and conclusion in denying ground two were contrary to, or unreasonable applications of, the clearly established Supreme Court precedent that is cited in the R&R. § 2254(d).

Case 2:11-cv-03910-GAF-AN   Document 20   Filed 12/28/11   Page 3 of 3   Page ID #:236

Based upon the foregoing, Petitioner's Objections are overruled.

2. The Court accepts the findings and recommendation of the R&R.

3. Judgment shall be entered denying the Petition and dismissing this action with prejudice.

4. All motions are denied as moot and terminated.

IT IS FURTHER ORDERED that the clerk of the Court shall serve a copy of this Order and the Judgment on all counsel or parties of record.

Dated: December 27, 2011

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Page 3 of 3